P. Send

FILED
CLERK, U.S DISTRICT COURT
FEB 14 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

SCANNED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIA KOURTIS and CON KOURTIS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JAMES CAMERON, INTERNATIONAL CREATIVE MANAGEMENT, MARIO KASSAR, JEFFREY BERG and JOSEPH ROSENBERG,<br><br>　　　　　Defendants. | CASE NO. CV 02-2906 DT (RNBx)<br><br>ORDER **GRANTING** DEFENDANT JAMES CAMERON'S MOTION FOR PLAINTIFFS TO POST A COSTS BOND<br><br>ORDER **DENYING** DEFENDANT MARIO KASSAR'S MOTION FOR PLAINTIFFS TO POST A COSTS BOND |



I.   **Background**

　　A.　**Factual Summary**

　　Plaintiffs Filia and Con Kourtis ("Plaintiffs") are authors of the concept of "The Minotaur," an idea for a film. Plaintiffs claim that defendants James Cameron, International Creative Management ("ICM"), Jeffrey Berg, Joseph Rosenberg and Mario Kassar copied their idea for a shape-changing character when the defendants created the film "Terminator 2." William Green, the writer plaintiffs hired to convert the Minotaur concept into a screenplay, sued these same defendants, among others, in 1993. Green v. Schwarzenegger, 1995 U.S. Dist. LEXIS 14,031 (C.D.

72

Cal. July 11, 1995) (Byrne, J.), aff'd, 107 F.3d 877 (9th Cir. 1997). On July 1, 1994, the Court issued an order granting summary judgment in favor of the defendants on Green's copyright claim, on the ground that "no reasonable factfinder could find that plaintiff's work and 'Terminator 2' are substantially similar under federal copyright law." Green, 1995 U.S. Dist. LEXIS 14,031, at *2.

Plaintiffs later prevailed in an Australian lawsuit against Green to determine who owned the rights to the Minotaur concept. Kourtis v. Cameron, 2003 U.S. Dist. LEXIS 26,603, at *5-6 (C.D. Cal. May 2, 2003) (Byrne, J.). Plaintiffs then filed this action for copyright infringement as well as several state law claims. Id. at *6. In 2003, the District Court dismissed all claims – the state law claims on statute of limitations grounds, and the copyright claim because it determined collateral estoppel applied. Id. at *22. Plaintiffs appealed. The Ninth Circuit affirmed dismissal of the state law claims, but concluded that collateral estoppel did not preclude Plaintiffs from pursuing their copyright claim. Kourtis v. Cameron, 419 F.3d 989 (9th Cir. 2005).

The case was remanded, and defendants Cameron and Kassar brought separate Motions for Plaintiffs to Post Costs Bonds.

**B.     Procedural Summary**

On April 9, 2002, Plaintiffs filed their Complaint in the United States District Court for the Central District of California, and this action was assigned to Judge A. Howard Matz.

On May 3, 2002, the case was transferred to Judge William Matthew Byrne, Jr., for all further proceedings based on the related Green case, pursuant to General Order 224.

On July 22, 2002, defendants ICM, Green and Rosenberg filed a Notice of Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. On August 13, 2002, Kassar was permitted by the Court to join the

Motion to Dismiss.

On August 12, 2002, Plaintiffs filed an Opposition to the Motion to Dismiss. On August 19, 2002, ICM, Green and Rosenberg filed a Reply to Plaintiffs' Opposition.

On May 2, 2003, the Court granted Defendants' Motion to Dismiss and on June 18, 2003, Judgment was entered on behalf of all defendants.

Plaintiffs appealed to the Ninth Circuit Court of Appeals, which issued its decision affirming in part and reversing in part the District Court on August 15, 2005.

On remand, defendants Cameron and Kassar ("the Moving Defendants") moved for Plaintiffs to post a costs bond before proceeding with this litigation. Cameron filed his Notice of Motion and Motion on December 9, 2005. Kassar filed a Notice of Joinder and Joinder on December 19, 2005. Plaintiffs filed their Opposition on December 27, 2005. Cameron filed a Reply on December 29, 2005. Kassar did not file a separate Reply. These motions are currently before the Court, and are the subject of this Order.

On January 24, 2006, the case was reassigned to Judge Dickran Tevrizian for all further proceedings.

On January 30, 2006, defendant Kassar filed an Answer to the Complaint.

Also on January 30, 2006, defendant Cameron filed a Notion of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted. On January 31, 2006, defendants ICM, Berg and Rosenberg filed a Notice of Joinder and Joinder to Cameron's Motion to Dismiss.

## II. Discussion

### A. Standard

Federal courts may require plaintiffs to post a bond in order to provide

- 3 -

security for defendants who might prevail in litigation. See Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). A district court normally follows the forum state's practice, particularly when the party is a non-resident. See id.; In re Merrill Lynch Relocation Mgmt., Inc., 812 F.2d 1116, 1121 (9th Cir. 1987).

In California:

> When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

Cal. Civ. Proc. Code § 1030(a). The defendant must also show there is a "reasonable possibility" that the defendant will obtain judgment. Id. § 1030(b). The defendant's motion must be accompanied by an affidavit setting "forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding." Id. If the Court determines that grounds for the motion have been established, it shall order the plaintiff file an undertaking for the amount specified in its order. Id. § 1030(c). California recognizes attorney's fees as costs when properly authorized. Id. § 1033.5(a)(10).

**B.   Analysis**

　　1.　Cameron and Kassar's Right to a Costs Bond

Both Plaintiffs are residents of Australia. Complaint ¶ 3. Therefore, the only requirement of California Civil Procedure Code section 1030(a) is satisfied, but

section 1030(b) still requires a showing that there is a "reasonable possibility" that the defendants will obtain judgment.

Cameron puts forth two reasons why it is a "reasonable possibility" he will prevail. First, Cameron claims the Court already ruled there is no substantial similarity between "Terminator 2" and "The Minotaur." Second, Cameron claims that Plaintiffs' suit is outside the applicable limitations period.

The Court agrees with Cameron on both contentions. The Court has already determined that "no reasonable factfinder could find that plaintiff's work ['The Minotaur'] and 'Terminator 2' are substantially similar under federal copyright law." Green, 1995 U.S. Dist. LEXIS 14,031, at *2. Plaintiffs may reassert this claim, and they maintain the result will be different this time, but their Opposition is not persuasive that any new evidence will alter the Court's prior analysis. The Court finds it is at least a "reasonable possibility" that the works are not substantially similar.

Additionally, the Court finds that there is a "reasonable possibility" there is a statute of limitations bar as to Cameron. The limitations period for copyright claims is three years. 17 U.S.C. § 507(b). Cameron declared that his work on "Terminator 2" ended around 1991, and he has not been involved in its distribution at any time since then. Cameron Decl., at ¶¶ 2-3. This is well outside the limitations period, and at this time the Plaintiffs present no evidence showing any of Cameron's conduct falls within the limitations period. Therefore, the Court finds there is a "reasonable possibility" Cameron will prevail on his limitations defense as well.

Kassar has not made any arguments concerning a potential statute of limitations bar. However, the Court finds there is a "reasonable possibility" that Kassar will prevail by showing "Terminator 2" and "The Minotaur" are not substantially similar, for the same reasons that there is a "reasonable possibility"

Cameron will.[1]

An award of both costs and reasonable attorneys' fees is discretionary in copyright cases. 17 U.S.C. § 505; see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (both prevailing plaintiffs and defendants may be awarded attorneys' fees). Some nonexclusive factors the Court may consider to determine if attorneys' fees are warranted include: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19; Robinson v. Lopez, 69 U.S.P.Q.2d 1241 (C.D. Cal. 2003). It is difficult to determine how these factors will be applied at this point in the instant case, and unnecessary to do so at this time. It is clear, however, that these fees and costs may be awarded, as required by California Civil Procedure Code section 1030(a).

Because it is reasonable possibility that the Moving Defendants will obtain a judgment, and attorneys' fees and costs may be awarded, the Court must determine the proper amount at which to set the costs bond for each of the Moving Defendants.[2]

2. The Bond Amount

Unlike the determination whether or not a bond is available at all, it is less straightforward what bond amount the Court should order in this instance.

Under California Civil Procedure Code section 1030(a), Plaintiffs are required

---

[1] The Court notes that these determinations do not mean that the Moving Defendants will ultimately prevail. Discovery can unearth unexpected evidence, and new arguments can be persuasive. For now, though, the Court finds there is a "reasonable possibility" the Moving Defendants will prevail on the claim for copyright infringement.

[2] The parties are reminded that this amount is simply what *may* be awarded, not what will be. In fact, Plaintiffs may prevail, or the Court may award no costs or fees or a lesser amount (or even a greater amount) if Defendants do.

1  to furnish any and all costs which may be awarded in this proceeding. That would
2  suggest that, if otherwise appropriate, they should file an undertaking for the full
3  amount requested by the Moving Defendants. However, Gonzales v. Fox, 137 Cal.
4  Rptr. 312, 313 (App. Dep't Super. Ct. 1977), requires the Court to consider (1) the
5  validity of the claim, (2) the reasonableness of the bond, and (3) the ability of the
6  person to furnish the bond. See also Beaudreau v. Superior Ct. of Los Angeles
7  County, 14 Cal. 3d 448, 459 (1975) (same requirements for different undertaking
8  statute).[3]

Cameron asks for a bond of $165,000. His attorney, Charles Shephard, is an experienced copyright attorney, and currently bills at $485/hour. First Shephard Decl., at ¶ 8; Second Shephard Decl., at ¶ 4. Shephard estimates the following charges:

- $15,000 for a Rule 12(b)(6) or Rule 12(e) motion
- $5,000 for an answer to an anticipated amended complaint
- $35,000 for a motion for summary judgment (including related discovery) on the statute of limitations issue
- $50,000 for ongoing discovery (including several depositions)
- $75,000 for a motion for summary judgment on the substantial similarity issue
- $150,000 for preparing for and participating in a multi-day jury trial

First Shephard Decl., at ¶ 8. The total comes to $330,000, although Shephard declares that because he believes the matter will be resolved prior to trial, Cameron is only requesting half that amount. Id. at ¶ 9.

Kassar asks for a bond of $125,000. His attorney, Howard Horwitz, is an

---

[3] The validity of the claim, as it relates to these considerations, has already been discussed in Part B.

-7-

experienced entertainment attorney, and estimates that a full defense, through trial, would cost $250,000, but cuts that in half because he anticipates the matter will be resolved prior to trial. Horwitz Decl., at ¶ 5. Kassar's amount is less that of Cameron because Horwitz believes he will simply be able to join in motions filed by co-defendants – as he does in the current motion – but will not be able to join in work for discovery or trial. Id. at ¶ 4. Horwitz does not further describe how he reached the $250,000 figure.

Finally, the Kourtises, who are husband and wife, claim their joint income is approximately $1,600/month (although they do not indicate their respective savings) and state they do not have the money to post bonds of $125,000, $165,000 or $290,000. Con Kourtis Decl., at ¶ 2. On one hand, this is a reason to lower the amount of the bond; on the other, it certainly would make it more difficult for the Moving Defendants to collect awarded attorneys' fees and costs if they were to prevail and the Court was to make such an award.

The Court finds that Cameron has provided enough information to determine a proper bond amount. After weighing the validity of Cameron's claim, the nature and amount of the bond requested, and the Plaintiffs' ability to pay, the Court determines that Plaintiffs shall post a cost bond in the amount of $ _100,000.00_ .

However, Kassar has not properly set forth "the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action," as required by California Civil Procedure Code section 1030(b). More information is required before the Court can examine the reasonableness of Kassar's request, and therefore, the Court cannot determine a proper bond amount as to Kassar at this time. As such, Kassar's motion is denied.

### III. Conclusion

For the foregoing reasons, the Court:

(1) **DENIES** Defendant Kassar's Motion for Plaintiffs to Post a Costs Bond; and

(2) **GRANTS** Defendant Cameron's Motion for Plaintiffs to Post a Costs Bond in the amount of $100,000.00. Plaintiffs shall post such bond in the manner specified by the California Civil Procedure Code.

IT IS SO ORDERED.

DATED: Feb 13 2006

DICKRAN TEVRIZIAN
_____
Dickran Tevrizian, Judge
United States District Court