___ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
JUN 5 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DOCKETED ON CM
JUN - 6 2006
BY _____ 009

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIA KOURTIS and CON KOURTIS,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES CAMERON, INTERNATIONAL CREATIVE MANAGEMENT, MARIO KASSAR, JEFFREY BERG and JOSEPH ROSENBERG,<br><br>Defendants. | CASE NO. CV 02-2906 DT (RNBx)<br><br>ORDER **GRANTING** DEFENDANT JAMES CAMERON'S MOTION TO DISMISS |

## I. Background

Plaintiffs Filia and Con Kourtis ("Plaintiffs") are authors of the concept of "The Minotaur," an idea for a film. Plaintiffs claim that defendants James Cameron, International Creative Management ("ICM"), Jeffrey Berg, Joseph Rosenberg and Mario Kassar (collectively, "Defendants") copied their idea for a shape-changing character when they created the films "Terminator 2" and "Terminator 3."

### A. Factual Summary

The Court is familiar with the facts in this matter, and need recount only those pertinent to this motion.

1    On February 14, 2006, after consideration of a motion on the subject, the
2    Court ordered Plaintiffs to post a costs bond as to Cameron in the amount of
3    $100,000. Kourtis v. Cameron, Case No. CV 02-2906 DT (RNBx), at p. 9 (C.D.
4    Cal. Feb. 14, 2006) (hereinafter, the "First Costs Bond Order"). Plaintiffs did not
5    post this costs bond, but after the expiration of time to do so, they moved for the
6    Court to vacate its Order. Kourtis v. Cameron, Case No. CV 02-2906 DT (RNBx),
7    at p. 11 (C.D. Cal. May 1, 2006) (hereinafter, the "Second Costs Bond Order"). A
8    few days later, Cameron moved to dismiss the action against him due to failure to
9    post the costs bond. Id.

10    The Court considered these motions in its Second Costs Bond Order, issued
11    on May 1, 2006. Id. In that Order, the Court denied Plaintiffs' motion to vacate the
12    First Costs Bond Order, but exercised its discretion and permitted Plaintiffs ten
13    additional days in which to posts the costs bond. Id. at pp. 23-24. Plaintiffs did not
14    post this costs bond within the additional ten days as permitted by the Court. See
15    Shepherd Decl., at ¶ 7. In fact, Plaintiffs have still not posted the costs bond.
16    Cameron has now renewed his motion to dismiss for failure to post the costs bond.

17    **B.    Procedural Summary**

18    On April 9, 2002, Plaintiffs filed their Complaint in the United States District
19    Court for the Central District of California, and this action was assigned to Judge
20    A. Howard Matz.

21    On May 3, 2002, the case was transferred to Judge William Matthew Byrne,
22    Jr. for all further proceedings, pursuant to General Order 224.

23    On July 22, 2002, defendants ICM, Green and Rosenberg filed a Notice of
24    Motion and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can
25    Be Granted. On August 13, 2002, Kassar was permitted by the Court to join the
26    Motion to Dismiss.

27    On May 2, 2003, the Court granted Defendants' Motion to Dismiss and on
28

1  June 18, 2003, Judgment was entered on behalf of all defendants.

2  Plaintiffs appealed to the Ninth Circuit Court of Appeals, which issued its
3  decision affirming in part and reversing in part the District Court on August 15,
4  2005.

5  On remand, defendants Cameron and Kassar moved for Plaintiffs to post a
6  costs bond before proceeding with this litigation. Cameron filed his Notice of
7  Motion and Motion on December 9, 2005. Kassar filed a Notice of Joinder and
8  Joinder on December 19, 2005.

9  On January 24, 2006, the case was reassigned to Judge Dickran Tevrizian for
10 all further proceedings.

11 On January 30, 2006, defendant Kassar filed an Answer to the Complaint.

12 Also on January 30, 2006, defendant Cameron filed a Notion of Motion and
13 Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted.
14 On January 31, 2006, defendants ICM, Berg and Rosenberg filed a Notice of Joinder
15 and Joinder to Cameron's Motion to Dismiss.

16 On February 14, 2006, the Court issued its First Costs Bond Order, granting
17 Cameron's Motion for Plaintiffs to Post a Costs Bond and denying Kassar's Motion
18 for the same.

19 On March 6, 2006, the Court granted Cameron, ICM, Berg and Rosenberg's
20 Motion to Dismiss without prejudice and with leave to amend within thirty days.

21 On March 20, 2006, Kassar filed a Notice of Motion and Motion for
22 Reconsideration of the Court's Order denying his Motion for Plaintiffs to Post a
23 Costs Bond.

24 On April 5, 2006, Plaintiffs filed their First Amended Complaint.

25 On April 5, 2006, Plaintiffs also filed an Notice of Motion and Motion to
26 Vacate the Court's Order for Plaintiffs to Post a Costs Bond.

27 On April 10, 2006, Cameron filed a Notice of Motion and Motion for

28

1  Dismissal due to Plaintiff's Failure to Post a Costs Bond.

2  On April 18, 2006, defendants ICM, Berg and Rosenberg filed an Answer to the First Amended Complaint. On the same day, defendant Kassar filed an Answer to the First Amended Complaint.

On May 1, 2006, the Court issued the Second Costs Bond Order, (1) denying Plaintiff's Motion to Vacate the Costs Bond Order, (2) denying Cameron's Motion to Dismiss and permitting Plaintiffs ten additional days within which to post the costs bond, and (3) granting defendant Kassar's Renewed Motion for Plaintiffs to Post a Costs Bond.

On May 15, 2006, defendant Cameron filed a Notice of Motion and Motion for Dismissal due to Plaintiff's Failure to Post a Costs Bond. Plaintiffs did not file an Opposition to this motion, and on May 25, 2006, the Court took it under submission upon the expiration of time for filing briefs.

On May 18, 2006, Plaintiffs filed a Notice of Motion and Motion to Vacate the Court's Order for Plaintiffs to Post a Costs Bond as to both Cameron and Kassar, and an Application for Waiver of Posting of Bond due to their Indigence. Oral arguments on these motions are scheduled for June 26, 2006.

## II. Discussion

### A. Standard

Federal courts may require plaintiffs to post a bond in order to provide security for defendants who might prevail in litigation. See Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). A district court normally follows the forum state's practice, particularly when the party is a non-resident. See id.; In re Merrill Lynch Relocation Mgmt., Inc., 812 F.2d 1116, 1121 (9th Cir. 1987).

In California:

> When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

Cal. Civ. Proc. Code § 1030(a). The defendant must also show there is a "reasonable possibility" that the defendant will obtain judgment. Id. § 1030(b). The defendant's motion must be accompanied by an affidavit setting "forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding." Id. If the Court determines that grounds for the motion have been established, it shall order the plaintiff to file an undertaking for the amount specified in its order. Id. § 1030(c). California recognizes attorney's fees as costs when properly authorized. Id. § 1033.5(a)(10).

This undertaking must be filed not later than thirty days after service of the court's Order requiring it, or within a greater time allowed by the Court. Id. § 1030(d). If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action shall be dismissed as to the defendant in whose favor the Order requiring the undertaking was made. Id. (emphasis added). However, failure to file within a proscribed time is not jurisdictional, and the court may accept a late filing at its discretion. See Boyer v. County of Contra Costa, 235 Cal. App. 2d 111, 115 (1965). Furthermore, a dismissal caused by a failure to file an undertaking only occurs following a properly-noticed motion. Id.; Shell Oil Co. v. Superior Court of Sonoma County, 2 Cal. App. 2d 348, 354 (1934).

  A court may also determine that the amount of a bond is excessive and order such amount reduced under its discretion, as long as the order is subject to any limitations in the statute providing for the bond. Cal. Civ. Proc. Code § 996.030(a). This determination shall be made upon a properly-noticed motion, and the moving party may then submit a bond in the new amount. Id. §§ 996.030(b)-(c). The court may, in its discretion, allow this new bond to be posted by the end of a period not less than five days. Id. §§ 996.010(c); 996.030(b).

**B. Analysis**

  Plaintiffs did not file the costs bond as ordered by the Court on February 14, 2006, and certainly did not file such a bond within the thirty-day period required by California Civil Procedure Code section 1030(d). Additionally, to the extent that Plaintiffs may have been confused about the continued requirement of a costs bond, they did not file a costs bond following the Court's Order on May 1, 2006, and certainly not within the additional ten-day period as permitted by the Court under its discretion.

  Plaintiffs have had ample time to file this bond, and the consequences of not doing so are made clear in section 1030(d): dismissal is mandatory. The Court is aware that Plaintiffs have filed several motions calendared for June 19, 2006 and dealing with their ability to post costs bonds in this matter. Without discussing the merits of those filings, the Court believes they are too late to affect its disposition of the present motion. Specifically, Plaintiffs have had more than enough time to find a solution to their alleged quandary. Cameron's initial motion for a costs bond was filed on December 9, 2005, providing Plaintiffs notice that the posting of a bond was a possibility. On February 14, 2006, the Court ordered Plaintiffs to post the bond within thirty days. On March 30, 2006, Cameron filed an ex parte application for dismissal based on failure to post the bond, which was denied without prejudice. On April 10, 2006, Cameron filed a motion to dismiss, also based on failure to post

the bond. In the interim, on April 5, 2006, Plaintiffs filed a motion to vacate or reduce the amount of the costs bond. On May 1, 2006, the Court issued its Second Costs Bond Order, deciding these motions after hearing oral arguments. Although the Court could have dismissed Cameron from the case at that time, it exercised restraint and discretion, and allowed Plaintiffs an additional ten days to post the costs bond. They did not do so. Cameron then moved for dismissal on May 15, 2006.

Throughout this process – which has now taken almost six months – Plaintiffs have claimed they do not have enough funds to post any bond. Yet, until May 18, 2006, they did not provide any arguably persuasive proof of their poor financial state, which is all the more puzzling because they do not claim this is a changed circumstance. Even if Plaintiffs' counsel attempted to file an Application to Proceed in Forma Pauperis on April 26, 2006 – and the Court believes she did attempt to do so – this Application was neither properly filed nor received by the Court; nevertheless, counsel was informed at oral argument on May 1, 2006 that she should file such a document properly and immediately and, if so, the Court would consider it. Instead of immediately filing this document – which counsel represented to the Court that she had in her possession at that time – Plaintiffs waited until May 18, 2006 to file it.

The Court has been more than generous with Plaintiffs, allowing them significantly longer than required to comply with the Court's Order regarding posting a costs bond as to Cameron. It will not exercise further discretion or restraint. Therefore, the Court dismisses the claims against Cameron as required under California Civil Procedure Code section 1030(d).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** defendant James Cameron's Motion to Dismiss without prejudice.

IT IS SO ORDERED.

DATED: June 5, 2006

**DICKRAN TEVRIZIAN**

Dickran Tevrizian, Senior Judge
United States District Court